UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DEAN, CDCR #AD-6708,<br><br>                         Plaintiff,<br>v.<br>D. SAMUELS, Warden, et al.,<br>                         Defendants. | Case No.: 25cv2296-RSH-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

      Plaintiff Keith Dean, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1; 2.

**I.    MOTION TO PROCEED IFP**

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP.

*See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. ECF No. 6 at 4. The document shows he had an average monthly balance of $355.76 and average monthly deposits of $216.76, with an available balance of $83.24. *Id*.

The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $71.15. However, *this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered")

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.   Allegations in the Complaint

Plaintiff alleges that while housed at RJD from June 21, 2023 to June 21, 2025, Defendants—two Wardens, the Chief Medical Executive, and three medical doctors—acted with deliberate indifference to a serious medical need amounting to cruel and unusual punishment in violation of the Eighth Amendment. ECF No. 1 at 1–3.

Specifically, Plaintiff alleges that on June 21, 2023, defendant Dr. Zaldivar-Galves stated "that plaintiff's high intensity exercising along with his family history of heart problems when combined with his Wolff-Parkinson-White Syndrome (WPW) 'could lead to death', but still misadvised plaintiff to continue with daily high intensity exercising that caused avoidable heart attack, avoidable ambulation catheter surgical procedure, and avoidable heart surgery for implantation of defibrillator." *Id*. at 8. Plaintiff alleges that "but for" Dr. Zaldivar-Galves' "misadvisement" he would not have continued performing high intensity exercises which caused a heart attack and surgery. *Id*. Plaintiff cites court cases, including one that describes Wolff-Parkinson-White Syndrome as a "rare condition" causing rapid heartbeat, dizziness, light-headedness, fatigue, anxiety, chest pain, difficulty breathing and fainting. *Id*. at 8–9.

Plaintiff additionally alleges that but for the failure of defendants RJD Wardens Samuels and Acevedo to properly implement or enforce prison regulations regarding prisoner medical care he would not have been injured. *Id*. at 6–8. Plaintiff further alleges that defendant Chief Medical Executive Roberts was "notified of plaintiff's medical injuries, and his complaints that additional injuries were occurring" in an administrative appeal which Roberts denied. *Id*. at 8. There are no factual allegations regarding the remaining two Defendants, Dr. Singh and Dr. Luu.

### C.   Discussion

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment "establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 101–03 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally

interfere with medical treatment.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety," and "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, Plaintiff plausibly alleges he suffers from a rare condition which resulted in a heart attack which required surgery. *See Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain.")

However, Plaintiff fails to plausibly allege that any Defendant was deliberately indifferent to that serious medical need. Deliberate indifference can be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). According to the Complaint, Dr. Zaldivar-Galves allegedly advised Plaintiff that his intense exercise, when combined with his family history of heart problems and Wolff-Parkinson-White Syndrome "could lead to death," yet also "misadvised" him to continue intense exercise. ECF No. 1 at 8. In short, Plaintiff alleges Dr. Zaldivar-Galves was aware of the medical risks intense exercise posed to Plaintiff given his Wolff-Parkinson-White Syndrome, yet in Plaintiff's particular case recommended that he continue to exercise. Even if such an allegation could plausibly allege Dr. Zaldivar-Galves's advice was "medically unacceptable under the circumstances,"

Plaintiff does not plausibly allege Dr. Zaldivar-Galves gave that advice "in conscious disregard of an excessive risk to" Plaintiff's health. Rather, Plaintiff alleges that Dr. Zaldivar-Galves was aware of the risk of exercising given Plaintiff's condition, advised him of that risk, and in Plaintiff's case, recommended that he continue exercising.

At most, Plaintiff's Complaint alleges negligence or medical malpractice by Dr. Zaldivar-Galves when he advised Plaintiff of the risk of exercising while having Wolff-Parkinson-White Syndrome, yet, in his case, recommended he continue exercising. Such allegations of inadequate medical treatment, medical malpractice, or even gross negligence do not, by themselves, rise to the level of an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105–06 (allegations that a prison official "has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim). Nor does a mere difference of opinion as to appropriate medical care. *See Colwell*, 763 F.3d at 1068 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."); *Toguchi*, 391 F.3d at 1058 (a disagreement over the necessity or extent of medical treatment does not show deliberate indifference); *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970) ("[A] difference of opinion between a prisoner patient and prison medical authorities as to what treatment is proper and necessary does not give rise to a claim under [§ 1983].)

Because Plaintiff's claims against the remaining Defendants are derivative of his claim against Dr. Zaldivar-Galves, Plaintiff has also failed to state a claim against the remaining Defendants for failing to properly implement or enforce prison regulations regarding prisoner medical care at RJD.[1] For these reasons, Plaintiff's Eighth Amendment

---

[1] As Plaintiff has not set forth any allegations against Dr. Singh and Dr. Luu, Plaintiff's claims against these Defendants also fail. *See Iqbal*, 556 U.S. 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

claim alleging deliberate indifference to a serious medical need is **DISMISSED** *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D. Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### III. CONCLUSION

For the foregoing reasons, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $71.15 initial filing fee as well as the remaining $278.85 balance of the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). *The initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and

---

the Constitution."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.")

**GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. *See* Civil Local Rule 15.1(a). Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not [re-pleaded]")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: December 12, 2025

_____
Hon. Robert S. Huie
United States District Judge