UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DEAN,<br>CDCR #AD-6708,<br><br>                                    Plaintiff,<br><br>v.<br><br>D. SAMUELS, Warden, et al.,<br><br>                                    Defendants. | Case No.:  25cv2296-RSH-JLB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

On August 28, 2025, Plaintiff Keith Dean, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1; 2. On December 12, 2025, the Court granted Plaintiff leave to proceed IFP and dismissed the Complaint with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. ECF No. 7. Plaintiff has now filed a First Amended Complaint ("FAC"). ECF No. 8.

## I.      SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.      Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte*

dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Allegations in the FAC**

Plaintiff alleges that while housed at RJD from April 9, 2024, to June 21, 2025, defendants RJD Warden Samuels, his replacement RJD Warden Acevedo, and RJD Chief Medical Officer Roberts received notice through an administrative appeal that Plaintiff's

25cv2296-RSH-JLB

symptoms of a heart attack were not being adequately treated. ECF No. 8 at 4–6. He claims that but for these Defendants' failure to intervene, he would not have suffered a heart attack on May 3, 2024, resulting in heart surgery, a pacemaker, weight loss and extreme pain and suffering in violation of the Eighth Amendment. *Id*.

Plaintiff alleges that on October 26, 2023, December 29, 2023, January 3, 2024, and January 9, 2024, Defendant Dr. Luu observed that Plaintiff was exhibiting symptoms of heart disease, including reduced energy level with light headedness, shortness of breath, chest pains and tingling pain throughout his arms, and on each of those occasions acknowledged Plaintiff had Wolff-Parkinson-White Syndrome heart disease, a history of heart attacks, a previous medical ablation procedure, and a family history of heart disease. *Id*. at 7. Plaintiff claims Dr. Luu violated the Eighth Amendment by denying Plaintiff's "demands for elevated health care to prevent heart attack," but instead choosing to leave his "low level of medical care unchanged" and instructing him to return to the prison grounds on each occasion, which caused his May 3, 2024, heart attack. *Id*. at 7–8. Plaintiff attaches excerpts of his medical records and administrative appeal as exhibits to the Complaint in support of his claims. *Id*. at 13–32.

### C.    Discussion

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment "establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 101–03 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held

liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Complaint plausibly alleges a serious medical need in that Plaintiff alleges he suffered a heart attack which required surgery and a pacemaker. *See Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain."). However, the Complaint as drafted fails to plausibly allege any Defendant was deliberately indifferent to that serious medical need.

Deliberate indifference can be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). "Deliberate indifference is a high legal standard," *Toguchi*, 391 F.3d at 1060, and requires "a purposeful act or failure to respond to a prisoner's pain or possible medical need" which caused the alleged injury. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff alleges Dr. Luu examined him on four occasions and observed symptoms which, in conjunction with his history, should have caused Dr. Luu to alter the course of the medical treatment Plaintiff was receiving, but Dr. Luu instead continued that course of treatment and sent Plaintiff back to the prison grounds each time. ECF No. 8 at 7-8. Plaintiff's allegations that Dr. Luu's decision was chosen in conscious disregard of an excessive risk to his health or that it was medically unacceptable under the circumstances are entirely conclusory, in that he claims Dr. Luu should have altered the course of treatment he was receiving but does not identify what different treatment he should have received or how it would have prevented his heart attack. *See Colwell*, 763 F.3d at 1068 ("A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate

25cv2296-RSH-JLB

indifference."); *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970) ("[A] difference of opinion between a prisoner patient and prison medical authorities as to what treatment is proper and necessary does not give rise to a claim under [§ 1983].); *Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" falls short of meeting the plausibility standard). Allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("negligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference); *Estelle*, 429 U.S. at 106 (inadvertent failure to provide medical care, negligence or malpractice and differences of opinion over proper treatment, do not state an Eighth Amendment claim).

Plaintiff has also failed to state a claim against defendants Samuels, Acevedo or Roberts for failing to adequately supervise Dr. Luu or intervene in his treatment decision. "A supervisory official may be held liable under § 1983 only if 'there exists either (1) his or her personal involvement in the constitutional violation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018), quoting *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted). Because Plaintiff has failed to plausibly allege a constitutional violation arising from Dr. Luu's treatment, he has necessarily failed to state a claim against Defendants Samuels, Acevedo or Roberts for failing to adequately supervise Dr. Luu or intervene to prevent a violation.

The FAC is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D.     Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati*

25cv2296-RSH-JLB

*v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## II.    CONCLUSION

Accordingly, good cause appearing, the Court **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Second Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIV LR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: May 6, 2026

_____
Hon. Robert S. Huie
United States District Judge

6

25cv2296-RSH-JLB