UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DEAN,<br>CDCR #AD-6708,<br>Plaintiff,<br>v.<br>DR. TRI LUU and CHIEF MEDICAL EXECUTIVE S. ROBERTS,<br>Defendants. | Case No.: 25cv2296-RSH-JLB<br>**ORDER:**<br>**(1) SCREENING SECOND AMENDED COMPLAINT, and**<br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

On August 28, 2025, plaintiff Keith Dean, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 claiming deliberate indifference to a serious heart condition in violation of the Eighth Amendment. ECF No. 1 at 8–9. On December 12, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* and dismissed the Complaint with leave to amend for failure to state a claim pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b). ECF No. 7. Plaintiff then

filed a First Amended Complaint which the Court also dismissed with leave to amend for failure to state a claim. ECF Nos. 8; 9. Plaintiff has now filed a Second Amended Complaint ("SAC"). ECF No. 10. The Court finds the SAC plausibly alleges an Eighth Amendment deliberate indifference claim against defendants Chief Medical Executive S. Roberts and Dr. Tri Luu and directs service of the summons and SAC by the U.S. Marshals Service ("USMS").

## I. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner proceeding in forma pauperis, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a

source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B. Allegations in the SAC**

Plaintiff alleges that on October 26, 2023, he "experienced emergency heart attack symptoms and fell to the ground." ECF No. 10 at 4. He was seen at the medical clinic by defendant Dr. Luu. *Id*. Plaintiff informed Dr. Luu that he had previously died of a heart attack and had been revived, that he was now experiencing the same symptoms, including extreme chest pain, shortness of breath, tingling of his arms, and lightheadedness, and requested transportation to a hospital. *Id*. Dr. Luu allegedly told Plaintiff: "I don't care. You're just a convict. When convicts can't get Spice, you lie to get free drugs from medical. There's no way I'm sending you to hospital. You're going back to the yard." *Id*. Plaintiff pleaded with Dr. Luu to send him to a hospital, "additionally disclosing that he had multiple ablation medical procedures and was prescribed heart medication in [an] attempt to receive the higher level of specialty-cardiology course of medical treatment necessary." *Id*. Dr. Luu allegedly stated: "I don't care that your symptoms are connected to your other heart attack. No hospital. No free drugs. Go back to the yard now." *Id*. at 5.

On December 29, 2023, Plaintiff experienced the same "emergency heart attack symptoms" as before and told Dr. Luu that if he did not send him to a hospital he was going to have another heart attack. *Id*. at 6. Dr. Luu allegedly responded: "Like I told you before I don't care about your symptoms being connected to your other heart attack. It's been two months since you were in here faking. I'm not sending lying convicts to hospital for free drugs. Get your drugs from the convicts on the yard. Just stop doing drugs and drink more water." *Id*. at 6–7.

///

On January 3, 2024, Plaintiff "experienced a third episode of emergency heart attack symptoms that made him immobile." *Id*. at 7. Dr. Luu allegedly told Plaintiff: "You're wasting your time and mine. You're obviously not hearing me when I keep telling you about you having the same symptoms that you had before your last heart attack. Coming back here sooner still won't get you sent to hospital for free drugs. Forget about it. Next time put in a sick-call slip if you feel sick." *Id*. at 7–8.

On January 9, 2024, Plaintiff experienced heart attack symptoms for a fourth time and told Dr. Luu that his symptoms were getting worse and coming more often. *Id*. at 8–9. Dr. Luu allegedly told him: "For the last time, stop coming in here. I don't care if you have another heart attack. Your fake symptoms are never going to get me to send you to hospital." *Id*. at 9. On April 9, 2024, Plaintiff filed a prison health care appeal to appeal the decision not to provide outside specialty heart care, which was denied by Defendant Chief Medical Executive Roberts. *Id*. at 9–10. Plaintiff suffered a heart attack on May 3, 2024. *Id*. at 10.

Plaintiff claims Dr. Luu was deliberately indifferent to a serious medical need because he was "aware that plaintiff's heart attack symptoms were connected to his previous heart attack which caused temporary death and that serious injury or death was therefore likely based on the same symptoms being present," but refused his requests for a "necessary higher level of specialty-cardiology course of medical treatment to prevent another heart attack and eliminate recurrence of heart attack symptoms." *Id*. Plaintiff identifies that treatment as (1) specialty medical treatment and consultation from a cardiologist, (2) continuous heart monitoring, (3) CT scans, (4) multiple blood tests, (5) EKG and other heart tests, and (6) new medication and modification of current medication. *Id*. at 5–6. He claims the refusal by Dr. Luu to send him to a hospital and the denial of his health care appeal by Roberts amounted to deliberate indifference to a serious medical need in violation of the Eighth Amendment because it resulted in the worsening of his heart condition, a heart attack, the implantation of a pacemaker, and immeasurable pain and suffering. *Id*. at 5, 10.

**C. Discussion**

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment "establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 101-03 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Court previously found that Plaintiff has plausibly alleged a serious medical need, in that he suffered a heart attack which required surgery and a pacemaker. *See* ECF No. 9 at 4, citing *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain.")

Deliberate indifference to that serious medical need can be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). "Deliberate indifference is a high legal standard," *id.* at 1060, and requires "a purposeful act or failure to respond to a prisoner's pain or possible medical need" which caused the alleged injury. *Jett v. Penner*, 439 F.3d

1091, 1096 (9th Cir. 2006).

As noted above, Plaintiff alleges Dr. Luu examined him on four occasions and observed increasingly serious and frequent immobilizing symptoms of heart issues which, in conjunction with his medical history, should have caused Dr. Luu to alter the course of the medical treatment he was receiving or refer him to a cardiologist for further evaluation. Instead, Dr. Luu continued the course of treatment which was resulting in those serious symptoms and sent Plaintiff back to the prison grounds each time. Plaintiff's allegations that Dr. Luu's decision was chosen in conscious disregard of an excessive risk to his health or that it was medically unacceptable under the circumstances are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to an Eighth Amendment claim against Dr. Luu. *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 837 (deliberate indifference shown where defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" by delaying or denying medical care and actually "drew that inference."); *see also Wood v. Housewright*, 900 F.2d 1332, 1334–35 (9th Cir. 1990) (a defendant must purposefully ignore or fail to respond to pain or medical needs which "caused substantial harm.")

Plaintiff also alleges Defendant Roberts, the Chief Medical Executive at RJD, was aware through the appeal of Dr. Luu's decision to refuse medical care that the course of treatment Dr. Luu provided was either medically unacceptable under the circumstances or chosen in conscious disregard of an excessive risk to his health and was responsible for reversing that decision but failed to do so. ECF No. 10 at 9–10. The SAC plausibly alleges deliberate indifference to a serious medical need against Roberts sufficient to survive screening. *See Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) ("In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.") (internal quote marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability may be established by alleging personal acts by individual defendants

which have a direct causal connection to the constitutional violation at issue).

Accordingly, Plaintiff is entitled to have the USMS effect service of the summons and SAC against defendants Dr. Luu and Roberts. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.")

## III. CONCLUSION

Accordingly, the Court:

1) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Second Amended Complaint (ECF No. 10) for defendants Roberts and Dr. Luu and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will provide Plaintiff with certified copies of the Second Amended Complaint and summons for use in serving Defendants. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

2) **ORDERS** the USMS to serve a copy of the Second Amended Complaint and summons upon defendants Roberts and Dr. Luu as directed by Plaintiff on the USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3) **ORDERS** Defendants, once served, to reply to Plaintiff's Second Amended Complaint and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the

Court has conducted its sua sponte screening Defendants are required to respond).

4) **ORDERS** Plaintiff, after service has been effected by the USMS, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document sought to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon a Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: August 11, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge